UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**CASE NO. 13-61470-CIV-ROSENBAUM**

TIFFANY (NJ), LLC,

    Plaintiff,

vs.

GU JIANFANG d/b/a AAA909.COM, *et al.*,

    Defendants.

_____/

**ORDER GRANTING PLAINTIFF'S
MOTION TO AUTHORIZE ALTERNATE SERVICE OF PROCESS**

    This matter comes before the Court on Plaintiff, Tiffany (NJ), LLC's Motion for Order Authorizing Alternate Service of Process on Defendants Pursuant to Federal Rule of Civil Procedure 4(f)(3). [D.E. 17]. In its Complaint, Tiffany (NJ), LLC ("Plaintiff"), sets forth claims against Defendants for (1) trademark counterfeiting and infringement, (2) false designation of origin, (3) cybersquatting, and (4) common law unfair competition. *See* D.E. 1. More specifically, Plaintiff alleges that Defendants are knowingly and intentionally promoting, advertising, distributing, offering for sale, and selling counterfeit and infringing products bearing trademarks that are substantially indistinguishable from Plaintiff's registered trademarks. *Id*. Plaintiff contends that Defendants are accomplishing these sales through various fully interactive commercial Internet websites and commercial Internet auction stores operating under their partnership or unincorporated business association names (collectively the "Subject Domain Names and Auction Stores").

    Plaintiff obtained available WHOIS domain registration data for each of the Subject Domain

1

Names identifying the contact information that Defendants provided their registrars. *See* D.E. 17 at 4. The relevant WHOIS domain registration records identify the Registrant and contact information for Defendants 1-58's respective Subject Domain Names. Plaintiff's investigation of Defendants 1-58 verified the accuracy of the physical addresses provided by Defendants 1-58 in connection with the WHOIS registration data for the Subject Domain Names. Plaintiff also researched alternative addresses for Defendants. *See id.* at 5-7. Based upon its investigation, two researchers hired by Plaintiff determined that the physical addresses for Defendants 1-58 were false, incomplete, or invalid for service of process on Defendants 1-58. *Id.*

Defendants 59-64 operate anonymously via the Internet and have complete anonymity, as they have not provided any physical address information for their respective commercial Internet auction stores. Because Defendants 59-64 have concealed any publicly available physical address information, Plaintiff's investigators were unable to verify any physical addresses in regard to those Defendants. *See* D.E. 17 at 7 n. 4. Plaintiff suggests that Defendants intentionally falsified or concealed their physical address data and states that, after conducting a diligent investigation, it is unable to identify any valid physical address for service of process on Defendants. *Id.* at 7. According to Plaintiff, however, Plaintiff has good cause to believe that Defendants are residents of The People's Republic of China or other foreign countries. *Id.* at 16.

Plaintiff further contends that Defendants have structured their website businesses so that the sole means for customers to purchase Defendants' alleged counterfeit goods is by placing an order over the Internet. *See* D.E. 17 at 9. Defendants take and confirm orders through their websites and auction stores, Plaintiff alleges, and they answer inquiries via e-mail or via online chat functions on their Internet websites and auction stores. *Id.* Thus, Plaintiff verifies that Defendants' e-mail

addresses are operational and are a reliable means of communicating with Defendants. These e-mail addresses are likewise the most reliable means of providing Defendants with notice of this action, Plaintiff asserts.

Rule 4(f)(3), Fed. R. Civ. P., allows a district court to order an alternate method for service to be effected upon foreign defendants, provided that it is not prohibited by international agreement and is reasonably calculated to give notice to the defendants. *See Brookshire Bros. v. Chiquita Brands Int'l, Inc.*, 2007 WL 1577771, at *2 (S.D. Fla. May 31, 2007) ("[D]istrict courts have found broad discretion under Rule 4(f)(3) to authorize other methods of service that are consistent with due process and are not prohibited by international agreements.") (citing *Prewitt Enters., Inc. v. Org. of Petroleum Exp. Countries*, 353 F.3d 916, 921, 927 (11th Cir. 2003)); *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002). The plain language of Rule 4(f)(3) reflects that the decision to issue an order allowing alternate means of service lies within the discretion of the district court.

Service by e-mail is not prohibited under international agreement in this case. Although both the United States and China are signatories to the Hague Convention on the Service Abroad of Extra-Judicial Documents in Civil and Commercial Matters (the "Hague Convention"), the Hague Convention is not applicable here because it "shall not apply where the address of the person to be served with the documents is not known." Hague Convention, Art. 1, 20 U.S.T. 361 (1969); *see also BP Prods. N. Am., Inc. v. Dagra*, 236 F.R.D. 270, 271 (E.D. Va. 2006) ("The Hague Convention does not apply in cases where the address of the foreign party to be served is unknown.").

E-mail service is also reasonably calculated to give notice to Defendants. Plaintiff cites a catalogue of cases where courts have granted leave for a plaintiff to serve by e-mail where, as here,

> Plaintiff showed that defendants conduct business extensively, if not exclusively, through their Internet websites and correspond regularly with customers via email. Furthermore, defendants do not disclose their physical addresses or location of incorporation [and t]hrough its investigation, plaintiff has shown that email . . . [is] likely to reach defendants.

*Philip Morris USA, Inc. v. Veles Ltd.*, 2007 WL 725412, at *3 (S.D.N.Y. Mar. 12, 2007); *see also* Plaintiff's Motion for Alternate Service D.E. 17 at 14 n.6 (collecting cases).

Rule 4(f)(3), Fed. R. Civ. P., was "adopted in order to provide flexibility and discretion to the federal courts in dealing with questions of alternative methods for service of process in foreign countries." *In re Int'l Telemedia Assoc., Inc.*, 245 B.R. 713, 719 (N. D. Ga. 2000). What constitutes appropriate service varies depending on the circumstances of the case and turns on the court's determination of whether the alternative method is reasonably calculated to apprise the parties of the pendency of the action and afford them an opportunity to present their objections. *Phillip Morris USA, Inc.*, 2007 WL 725412, at *2.

Here, the Court finds that Plaintiff has shown good cause why leave should be granted to allow service of the Summonses, Complaint, and all current and subsequent filings in this matter upon each Defendant via e-mail. Therefore, upon consideration of the file in this matter, as well as the evidence submitted along with Plaintiff's Motion for Order Authorizing Alternate Service of Process, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion for Order Authorizing Alternate Service of Process on Defendants Pursuant to Federal Rule of Civil Procedure 4(f)(3) [D.E. 17] is **GRANTED**.

2. Plaintiff shall serve the Summonses, Complaint, and all filings in this matter upon Defendants via the e-mail addresses provided by Defendants as part of the domain registration data for each of their respective domain names or on their websites and auction stores or via e-mail to the registrar of record for each of their respective domain names and auction stores. *See* attached Schedule "A" which lists Defendants by Defendant number and Subject Domain Names and Auction Stores.

3. Plaintiff shall effectuate service of process on Defendants via publication by posting a copy of the Complaint and Summonses on the Internet website appearing at the URL http://servingnotice.com/tiffpp5/index.html.

**DONE and ORDERED** at Fort Lauderdale, Florida, this 20th day of September, 2013.

ROBIN S. ROSENBAUM
UNITED STATES DISTRICT JUDGE

Copies to:

Counsel of record

## SCHEDULE "A"
## DEFENDANTS BY NUMBER AND SUBJECT DOMAIN NAMES AND AUCTION STORES

| Defendant Number | Defendant/Subject Domain Name and Auction Stores |
|---|---|
| 1 | aaa909.com |
| 2 | fine909.com |
| 3 | sale925.com |
| 4 | 365tradesmart.com |
| 5 | 925crystalring.com |
| 6 | aidejewelry.com |
| 7 | axues.co |
| 7 | axues.org |
| 7 | axuesok.com |
| 8 | cheapbulks.com |
| 9 | cheap-jordans-china.net |
| 10 | cheapstiffanyandco.org |
| 10 | outletsaletiffanyandco.co.uk |
| 10 | outlettiffanyandcohere.org |
| 10 | tiffanyandcooutlet4u.org |
| 10 | tiffanyjewelryoutlet.org |
| 10 | tiffanyoutlet4sale.com |
| 10 | tiffanyoutletsaleus.com |
| 11 | cheaptiffanyclub.co.uk |
| 12 | hottiffany4u.com |
| 13 | cheaptiffanyjewellerysales.co.uk |
| 13 | INK"http://jewelrytiffanycouk.com/"jewelrytiffanycouk.com |
| 13 | tiffanyandcosales.co.uk |
| 14 | cheaptiffanyjewelry.org |
| 14 | cheaptiffanyrings.org |
| 15 | etsjewelry.com |
| 16 | tiffanysreplica.com |
| 17 | fashionsmell.com |
| 18 | giftjewelries.net |
| 19 | copytiffanyco.com |
| 19 | goodstiffanyoutlet.com |
| 19 | onsalestiffany.com |
| 19 | selltiffanyoutlet.com |
| 19 | tiffanycheapstore.com |
| 19 | tiffanyoutletpro.com |
| 20 | groupbuyinguk.com |

| Defendant Number | Defendant/Subject Domain Name and Auction Stores |
|---|---|
| 21 | hotbrands4u.net |
| 22 | ilove925silver.com |
| 23 | infashion2012.net |
| 24 | isjewelry365.com |
| 25 | jewellerysalewholesale.com |
| 26 | tiffanyclassicsale.com |
| 27 | karenmilenoutletstore.com |
| 27 | karenMillenoutletstoreus.com |
| 27 | tiffanyonlineoutlet.us |
| 28 | knockoff-tiffany.info |
| 29 | landtmall.com |
| 30 | lovejewelryshop.com |
| 31 | lux-closet.com |
| 32 | morebulk.com |
| 33 | newangelshop.net |
| 34 | tiffanybizuteriasklep.com |
| 34 | tiffanyjewelrysupply.com |
| 35 | perfectlife2012.com |
| 36 | ppfactoryoutlet.com |
| 36 | ppfcoutlet.com |
| 37 | readyforjerseys.com |
| 38 | replica-relojes-shop.com |
| 39 | tiffanyandcooutletsales.com |
| 40 | tiffanybox.net |
| 40 | tiffanycoshop.net |
| 41 | tiffanyc.com |
| 42 | tiffanycheaponline.net |
| 43 | tiffanycojewelrysaleonline.info |
| 43 | tiffanycojewelrysaleonline.org |
| 44 | tiffanyco-store.com |
| 45 | tiffanyjewelryoutlets2013.com |
| 46 | tiffanyjewelryoutletsale.org |
| 46 | tiffanyukcosale.co.uk |
| 46 | tiffanyuksale.biz |
| 46 | tiffanyuksaleoutlet.org.uk |
| 47 | tiffanyjewelry-outletstore.com |
| 48 | tiffanyor.com |
| 49 | tiffanyoutletsjewelry.org |
| 50 | tiffanyoutletvip2013.com |
| 51 | tiffanyoutletwholesale.com |
| 52 | tiffanys2013.com |

| Defendant Number | Defendant/Subject Domain Name and Auction Stores |
|---|---|
| 53 | tiffanysandoutlets.org |
| 54 | tiffanysolde.com |
| 54 | wholesaletiffany.net |
| 55 | toptrade925.com |
| 56 | uktiffanyjewellery.com |
| 57 | zsjrz.com |
| 58 | jewelry2013.org |
| 59 | Fengkuangjiedan |
| 60 | roadseeker001 |
| 60 | wonderdb |
| 61 | foudouing |
| 62 | fortune588 |
| 63 | hainandaxue168 |
| 63 | miping01 |
| 63 | shewei01 |
| 63 | yongyuanbusi888 |
| 64 | 51168168 |